IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-117-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL D. HAMILTON, | ) | |
| Defendant. | ) | |

This matter is before the court on the government's Motion to Admit Evidence [DE #31]. The defendant has responded, and this matter is ripe for adjudication.

The government requests that the court admit the official military records of the defendant. The government states that it has received the sealed official copy of the records certified by the Archivist. Title 44 U.S.C. § 2116(b) provides:

> There shall be an official seal for the National Archives of the United States which shall be judicially noticed. When a copy or reproduction, furnished under this section, is authenticated by the official seal and certified by the Archivist, the copy or reproduction shall be admitted in evidence equally with the original from which it was made.

This statute is controlling as to the authenticity of any records presented by the government in compliance with the above statute. Therefore, the court finds that any military records presented to the court in compliance with 44 U.S.C. § 2116(b) shall be deemed authentic. The content of such records may be proven notwithstanding the absence of the original records. See Fed. R. Evid. 1002; 44 U.S.C. § 2116(b). Other objections regarding the admissibility of such evidence which may be raised by defense counsel will be heard at trial.

The government also seeks to have this court admit the official Department of Veteran Affairs Claims File ("C-File") of the defendant. The government informs the court that the C-File is accompanied by an appropriate certificate of authenticity citing Federal Rule of Evidence 902(11). If, upon inspection by the court, the certificate complies with Rule 902(11) as stated by the government, then the C-File shall be deemed self-authenticating and testimony from the custodian of records shall not be necessary for its admission. Objections to evidentiary issues other than authenticity shall be heard during the trial, if necessary.

For the foregoing reasons, the government's motion to admit evidence [DE #31] is GRANTED as to the authenticity of the

documents. The court will hear any other objections regarding admissibility at trial.

This 12TH day of April 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26