IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-117-H
No. 7:13-CV-189-H

MICHAEL DELOS HAMILTON,  )
    Petitioner,  )
          )
          )
    v.  )      **ORDER**
          )
          )
UNITED STATES OF AMERICA  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, to which petitioner has responded. Pursuant to this court's order, the government filed a reply. Petitioner filed a sur-reply. The petitioner has filed various other motions, including a motion for expedited ruling which ironically followed multiple requests for extension of time by the petitioner. These matters are ripe for adjudication.

**BACKGROUND**

On October 7, 2010, petitioner was indicted by a grand jury on the following counts: (1) false statements, in violation of

1

18 U.S.C. § 1001(a)(1); (2) larceny of government property, in violation of 18 U.S.C. § 641; (3) unlawful wearing of uniform, in violation of 18 U.S.C. § 702; and (4) false claim about military decorations and medals, in violation of 18 U.S.C. § 704(a), (d). [DE #1]. A jury found petitioner guilty on all four counts on April 20, 2011. This court sentenced petitioner to a term of imprisonment of 16 months on September 7, 2011, and on the same day, petitioner appealed his sentence to the Fourth Circuit Court of Appeals. Petitioner challenged his conviction and sentence on the following grounds: (1) that the evidence at trial was insufficient to support his false statements and larceny convictions and (2) his convictions under 18 U.S.C. §§ 702, 704(a), (d) should be vacated because the underlying statutes are unconstitutional. By order dated November 9, 2012, the Fourth Circuit affirmed petitioner's conviction and sentence. On September 3, 2013, petitioner timely filed the instant motion to vacate.

## COURT'S DISCUSSION

Petitioner's motion asserts various claims for relief based on allegations of ineffective assistance of counsel. First, petitioner claims his counsel was ineffective due to inadequate trial preparation and failure to present a defense. In ground two, petitioner argues that his counsel was ineffective by

2

failing to object to the use of privileged medical information and by effectively preventing him from testifying on his own behalf. In ground three, petitioner asserts that his counsel was ineffective for failing to object to (1) a biased jury and (2) the prejudicial testimony of a person in uniform and petitioner's sister. Finally, in ground four, petitioner claims his counsel was ineffective for failing to argue that petitioner's benefits were not acquired by fraud.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"Counsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220

F.3d 276, 293 (4th Cir. 2000). This court will not second guess the strategic or tactical decisions of petitioner's trial defense counsel. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." Strickland, 466 U.S. at 689.

Petitioner has not alleged facts showing that his counsel failed to meet the objective standard of reasonableness of representation. Although petitioner claims that his counsel was inadequately prepared for trial and failed to present an adequate defense, the record shows that trial counsel: (1) filed multiple responses to the government's pretrial motions; (2) filed a motion to dismiss counts three and four of the indictment as unconstitutional, that was ultimately denied by this court after a hearing; (3) filed proposed voir dire and proposed jury instructions, a pretrial memorandum regarding advisory law, and a motion to sequester witnesses; and (4) cross-examined the government's witnesses and re-crossed two of them at trial.

Some of petitioner's claims relate to counsel's trial strategy that this court will not second guess. The adequacy and content of the cross-examination is a matter of trial strategy within this category of claims. Additionally, petitioner's claim regarding jury bias also fails. The jury was

4

properly instructed by the court regarding media bias. What voir dire questions counsel requests are also a matter of trial strategy.

As to petitioner's claim regarding counsel's failure to object to the use of privileged medical information, the record shows that counsel did object, but that objection was promptly overruled by this court because the psychologist was an agent of the Veterans Administration; therefore, the information was not protected or privileged. Counsel's decision to not pursue the objection further falls squarely within the type of strategic decision that the <u>Strickland</u> standard prohibits second-guessing.

As to petitioner's claim that counsel refused to allow his wife to testify, counsel's decision not to introduce the wife's testimony is a matter of trial strategy based on the evidence available to counsel at that time. Petitioner also claims that his counsel was ineffective for "effectively prevent[ing] [him] from testifying on [his] own behalf unless the court would allow a 'monologue' testimony. [D.E. #97 at 7]. Petitioner states that counsel "made no effort to prepare for [his] testimony." [DE #97 at 7.] In his response to the government's motion to dismiss, petitioner further asserts that he asked to testify in his own behalf and counsel refused. He asserts that he was "effectively prohibited" from exercising his constitutional right to testify in his own defense and to face his accusers.

5

The government, in its reply brief, incorrectly asserts that petitioner raised this claim for the first time in his response to the government's motion to dismiss and makes an argument regarding cause and prejudice.

A defendant has a well-established constitutional right to testify in his own behalf. Rock v. Arkansas, 483 U.S. 44 (1987) (codified at 18 U.S.C. § 3481). Here, petitioner claims his counsel interfered with his right to testify, thereby implicating the right to effective assistance of counsel. Therefore, petitioner's claim must also be evaluated under the Strickland standard, articulated supra. Petitioner claims that he was "effectively" prevented from testifying because his attorney would only allow a "monologue" testimony. It is unclear whether such allegations, if true, would be objectively unreasonable on the part of counsel, but the court need not reach that issue because petitioner has alleged no facts showing any prejudice resulting from the alleged interference with his right to testify. Petitioner has not alleged a reasonable probability that the outcome would have been different had he exercised his right to testify, and the record shows significant evidence supporting the jury's finding of guilt. Therefore, his claim of ineffective assistance of counsel regarding his right to testify fails.

Finally, as to ground four, the record shows that

petitioner's counsel spent a significant amount of time during closing arguments making the exact argument that petitioner claims she was ineffective for failing to make. Additionally, appellate counsel raised this issue on appeal. The Fourth Circuit found substantial evidence to support the jury's verdict on these counts.

In each of the four grounds, petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any ineffective assistance of counsel. Therefore, the government's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED [DE #108], and petitioner's § 2255 motion is DISMISSED [DE #97]. Petitioner's motion to deny further extensions of time [DE #107], motion for expedited ruling [DE #123], and motion for emergency injunctive relief [DE #124] are all DENIED AS MOOT due to the dismissal of the underlying motion to vacate.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and

7

that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

    This <u>9th</u> day of December 2014.

                                                            _____
                                                            Malcolm J. Howard
                                                            Senior United States District Judge

At Greenville, NC
#26